IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| TONY BOBO and D'MONICA LEWIS, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:13-cv-00031-O |
| CITY OF WICHITA FALLS, TEXAS, | § § § | |
| Defendant. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion to Dismiss (ECF No. 9), filed May 3, 2013; Exhibits to Defendant's Motion to Dismiss (ECF No. 10), filed May 3, 2013; Plaintiffs' Response (ECF No. 11), filed May 16, 2013; and Defendant's Reply (ECF No. 12), filed May 22, 2013. Having considered the motion, the record, and the applicable law, the Court finds that Defendant's motion should be and is hereby **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 6, 2010, police officers discovered cocaine in the vehicle of Herman Vaughan ("Vaughan") during a traffic stop. Def.'s Notice Removal Ex. 1 (Pls.' Original Pet.), ¶ 7, ECF No. 2. Vaughan informed the officers that he purchased the cocaine from Plaintiff Tony Bobo ("Bobo") at Bobo's residence. *Id.* After Vaughan correctly identified Bobo from a photo lineup, police obtained and executed a search warrant for Bobo's residence in Wichita Falls on March 7, 2010. *Id.* The officers seized various property belonging to Bobo, including but not limited to money and several vehicles. *Id.* Bobo was arrested as a result of the search. *Id.* The police also seized Plaintiff D'Monica Lewis's ("Lewis") vehicle. *Id.* The State of Texas filed a petition to forfeit the assets of

Lewis, which was non-suited on March 11, 2011. *Id.* The State of Texas also filed a petition to forfeit the assets of Bobo, which was partially dismissed with respect to some of the property on December 16, 2011, and fully dismissed on December 28, 2012. *Id.*[1]

On March 8, 2013, Plaintiffs filed their original Petition in Texas state court against the City of Wichita Falls, seeking recovery through § 1983 for the alleged unreasonable and unconstitutional search and seizure of various property. *See generally id.* Ex. 1 (Pls.' Original Pet.), ECF No. 2; 42 U.S.C.A. § 1983 (West, Westlaw through Pub. L. No. 113-12). Defendant removed the case to this Court on March 27, 2013, and filed its Motion to Dismiss on May 3, 2013, asserting that Plaintiffs' claims were barred by the statute of limitations. *See generally* Def.'s Notice Removal, ECF No. 2; Def.'s Mot. Dismiss, ECF No. 9. Plaintiffs responded to Defendant's motion on May 16, 2013, and Defendant replied on May 22, 2013. *See generally* Pls.' Resp., ECF No. 11; Def.'s Reply, ECF No. 12. Accordingly, this motion is ripe for consideration.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims

---

[1] Plaintiff provided the Court with hard copies of the various Notices of Nonsuit regarding the forfeiture proceedings. These documents are not found in the ECF.

under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679. "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted). Likewise, a court may consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's

complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

**III. ANALYSIS**

Defendant asserts that Plaintiffs' § 1983 claims should be dismissed based on the expiration of the statute of limitations. *See generally* Def.'s Mot. Dismiss, ECF No. 9. Plaintiffs argue that their claims are timely because the statute of limitations did not begin to run until the forfeiture cases regarding their seized property were non-suited. *See generally* Pls.' Resp., ECF No. 11. The Court finds that Plaintiffs' claims were filed after the expiration of the statute of limitations and should, therefore, be dismissed.

The expiration of a limitations period may be grounds for a Rule 12(b)(6) dismissal when "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). When a plaintiff brings a § 1983 claim, the state-law period of limitations for personal-injury torts applies. *City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 124 (2005). The parties do not dispute that Plaintiffs' § 1983 claims are subject to Texas's two-year statute of limitations for personal-injury claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (West, Westlaw through Ch. 36 of 2013 R.S. of 83rd Leg.). "Although the statute of limitations is governed by Texas law, federal law determines when a cause of action under . . . § 1983 accrues." *Harris v. Rivera*, No. 3:11-CV-3013-D, 2013 WL 246709, at *5 (N.D. Tex. Jan. 23, 2013); *Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). "Under federal law, a claim generally accrues 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured' . . . ."

*Roberson v. Earle*, 378 F. App'x 396, 397 (5th Cir. 2010) (quoting *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)); *see Wallace*, 549 U.S. at 391–92.

    In the past, the Fifth Circuit held that the statute of limitations on illegal search and seizure claims did not start to run until criminal proceedings had terminated in the plaintiff's favor. *See Price v. City of San Antonio*, 431 F.3d 890, 895 (5th Cir. 2005); *Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995). However, these holdings have since been abrogated by *Wallace v. Kato*. *See generally Wallace*, 549 U.S. 384; *see also Harris*, 2013 WL 246709, at *7. In *Wallace*, the Supreme Court held that a cause of action related to an arrest accrues when the arrest occurs. *Wallace*, 549 U.S. at 397. Further, the Supreme Court stated that "the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." *Id.* at 391–92 (citing 1 C. Corman, Limitation of Actions § 7.4.1, at 526–27 (1991)). The Supreme Court's reasoning in *Wallace* has been extended from false arrest claims to apply "equally to claims seeking damages for unconstitutional searches and seizures and related activities." *LeBlanc v. City of Haltom City*, No. 4:10-CV-812-A, 2011 WL 2149908, at *5 (N.D. Tex. May 31, 2011).

    Defendant argues that Plaintiffs' claims should be dismissed because the statute of limitations had expired before the claims were filed. *See generally* Def.'s Mot. Dismiss, ECF No. 9. Plaintiffs contend that the taking of Plaintiffs' property was "continuous in nature," and as a result, the cause of action did not accrue until after the non-suit of the action seeking forfeiture of the property. *See* Pls.' Resp. ¶ 2, ECF No. 11. Under Plaintiffs' theory, the statute of limitations would have been tolled until March 11, 2011, for Lewis and December 28, 2012, at the latest, for Bobo. The Court agrees with Defendant that the cause of action accrued and the statute of limitations began to run

5

when the property was initially taken and the arrest occurred.  The limitations period begins to run and a cause of action accrues when plaintiffs become aware that they have suffered an injury.  *See Roberson*, 378 F. App'x at 397.  Plaintiffs in this case were aware of any injuries during the alleged unreasonable search and seizure.  Therefore, Plaintiffs' causes of action accrued at the time of the search and seizure on March 7, 2010.  *See LeBlanc*, 2011 WL 2149908, at *5; Def.'s Notice Removal Ex. 1 (Pls.' Original Pet.), ¶ 7, ECF No. 2.  The limitations period expired two years later on March 7, 2012.  *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 16.004.  Plaintiffs did not file their Original Petition in state court until March 8, 2013.  Def.'s Notice Removal Ex. 1 (Pls.' Original Pet.), ¶ 7, ECF No. 2.  Therefore, the Court finds that Plaintiffs' claims were filed after the expiration of the limitations period.

Plaintiffs cite *Adler v. Beverly Hills Hospital*, a Texas state case, in support of their argument that the taking of the property in this case was a continuous tort and the cause of action did not accrue until the non-suit of the forfeiture proceedings.  *See* Pls.' Resp ¶ 2, ECF No. 11; *Adler v. Beverly Hills Hosp.*, 594 S.W.2d 153, 156–57 (Tex. Civ. App.—Dallas 1980, no writ).  However, as previously noted, state law has no bearing on the date on which a cause of action accrues.  Under applicable Fifth Circuit precedent, "the seizure of . . . property [is] a single act and its continued retention [is] merely an 'ill effect' of the original act."  *Roberson*, 378 F. App'x at 397.  The statute of limitations in the present case began to run immediately at the time of the arrest and taking of the property because, at that time, Plaintiffs had "a complete and present cause of action" that had accrued.  *See Wallace*, 549 U.S. at 388.  Therefore, the Court finds that Plaintiffs' claims were filed after the expiration of the applicable two-year statute of limitations.  Defendant's Motion to Dismiss is therefore **GRANTED**.

## IV.     CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendant's Motion to Dismiss (ECF No. 9) should be and is hereby **GRANTED**.  It is further **ORDERED** that the claims of Plaintiffs Tony Bobo and D'Monica Lewis are **DISMISSED** with prejudice.

**SO ORDERED** on this **24th day** of **June, 2013**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**